# LAW OFFICE OF
# CHRISTOPHER J. O'ROURKE

57 River Street, Suite 106  
Wellesley, MA 02481

Tel: (781) 235-8022  
Fax: (781) 235-9440  
E-mail: chris@orourkelawoffice.com

Of Counsel:  
John F. Neelon

Cape Cod Office:  
145 Barnstable Road  
Hyannis, MA 02601

September 13, 2012

VIA FACSIMILE (617-379-6282) AND MAIL

Todd C. Pomerleau  
Richard B. Reiling  
Two Center Plaza, Suite 510  
Boston, MA 02108

**RE: JOHN LUCIANO**  
**VS: TELTECH SYSTEMS, INC.**  
**DATE OF INCIDENT: 1/28/09**

Dear Counsel:

 This is in response to your purported M.G.L. Chapter 93A demand letter dated August 17, 2012. This response is being made on behalf of TelTech Systems, Inc. ("TelTech"). TelTech is of the opinion that your correspondence does not comply with the requirements of M.G.L. Chapter 93A. However, this response is being made in a good faith effort to respond under Chapter 93A to the allegations contained in your letter. This response letter is not to be construed as a waiver or relinquishment of TelTech's rights to contest the adequacy of your demand letter, and TelTech reserves the right to exclude this letter, as well as other communications between your office and TelTech, from any trial or other evidentiary hearing. Further, please be advised that any and all defenses and rights available to TelTech under the applicable statutes and decisional law will remain in full force and effect.

 TelTech denies that your correspondence complies with the requirements of Chapter 93A, and further denies that it engaged in any unfair acts or practices in violation of Chapter 93A. Under Chapter 93A, the demand letter must specify the unfair or deceptive acts or practices relied upon as well as the damages purportedly suffered. The demand letter requirement of Chapter 93A has not been satisfied by virtue of your correspondence.

 Your assertions as to the alleged violations of Chapter 93A are not supported by the facts of this matter. Your letter makes allegations that TelTech violated Chapter 93A by

Todd C. Pomerleau
Richard B. Reiling
9/13/12
Pg. 2

aiding and abetting criminal activity in connection with the sale of the Spoof Card service, by engaging in violations of state and federal law, and by engaging in immoral, unethical, oppressive or unscrupulous business practices. Your letter further states that the actions of TelTech were illegal, intentional, willful and malicious. None of these allegations is any way supported by the pertinent facts or law, as further discussed below.

   As a preliminary matter, your allegation that TelTech's actions were illegal, intentional, willful and knowing is completely without merit. Although TelTech's investigation into the underlying facts is continuing, it is incontrovertible that any alleged misconduct or criminal activity by Michael or Johnienne DiLorenzo was committed by them solely and without the knowledge or participation of TelTech. Similarly, your allegations that TelTech aided and abetted criminal activity are also without merit, as TelTech clearly had no knowledge or intent of the DiLorenzos' alleged activity and obviously did not substantially knowingly or deliberately assist them in the pursuit of their alleged misconduct. TelTech's legal placement of its service into commerce in Massachusetts can in no rational way be construed as constituting aiding and abetting criminal activity, any more than the actions of Verizon or any other telephone company that provided the telephone service used by the DiLorenzos aided and abetted their alleged criminal activity.

   With respect to your allegations as to the purported alleged violations of state and federal law, these allegations are also unsupported by the applicable law. Your letter alleges that TelTech aided and abetted violations of the provisions of 47 U.S.C. s. 223(a)(1)(C) and directly violated 47 U.S.C. s. 227(a)(2). Neither claim has any merit. Please be advised that this statute contains an exemption for service providers. Under s. 223(a)(2), a service provider such as TelTech is only liable if it "*knowingly* permits any telecommunications facility under [its] control to be used for any activity prohibited by paragraph (1) *with the intent that it be used for such activity* . . . "(emphasis added). TelTech did not make its service available to the DiLorenzos with the intent that it be used for purposes prohibited by s. 223(a)(1), and nothing in your letter constitutes evidence to the contrary. There is also no violation of s. 227(a)(2). Your letter acknowledges that a violation of the section requires a person "to knowingly transmit misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value." As the legislative history demonstrates, this language was selected to exempt service providers from liability, since they normally

Todd C. Pomerleau
Richard B. Reiling
9/13/12
Pg. 3

do not monitor their customers' calls and have no idea what use is being made of their service on a particular call. Indeed, your letter does not allege that TelTech "*knowingly* transmit[ted] misleading or inaccurate caller identification" for the DiLorenzos, much less that in doing so TelTech had the necessary intent to "defraud, cause harm, or wrongfully obtain anything of value."

Your letter also states that the acts of TelTech constitute violations of Massachusetts criminal statutes, including M.G.L. c. 269 s. 14A, c. 265 s. 43A and c. 265 s. 43. This allegation is entirely inconsistent with the wording of the statutes, which are specifically directed towards the individuals committing the misconduct, and with case law precedent involving those statutes. There is no evidence to support your allegations that TelTech either committed statutory violations or aided and abetted Michael and Johnienne DiLorenzo with respect to their alleged violations.

Further, under Massachusetts law, it is clear that TelTech has committed no unfair or deceptive acts or practices in violation of Chapter 93A. The Massachusetts Supreme Judicial Court and Appeals Court have said that "ordinary...dispute(s) without conduct that was unethical, immoral, oppressive, or unscrupulous" do not indicate unfairness. Duclersaint v. Federal National Mortgage Assocs., 427 Mass. 809, 814, 696 N.E. 2d 536, 540 (1998) (quoting Kobayashi v. Orion Ventures, Inc., 42 Mass.App.Ct. 492, 505, 678 N.E. 2d 180, 189 (1997). For this reason, TelTech reiterates that it did commit any violations of Chapter 93A.

To summarize, there is no legal authority in support of your allegations that TelTech committed any violations of M.G.L. c. 93A. Similarly, there is no legal authority, either statutory or decisional, in support of your contention that TelTech is liable for the unfortunate events involving your client. TelTech properly and legally placed its service into commerce in Massachusetts. It is not legally responsible for the alleged criminal misuse of its service by, misconduct or criminal actions of Michael and Johnienne DiLorenzo. Further, any such alleged intentional or criminal actions by them constitute an intervening superceding cause of the alleged events, for which TelTech is not legally liable.

As a final matter, I note that your letter is directed to Meir Cohen and Eli Finkelman in addition to TelTech. Please be advised that TelTech is a duly organized corporation.

Todd C. Pomerleau
Richard B. Reiling
9/13/12
Pg. 4

As you are no doubt aware, under federal and Massachusetts law there can be no viable cause of action against Mr. Cohen and/or Mr. Finkelman individually based solely upon their possible ownership of TelTech. Kindly direct any future correspondence to Mark C. DelBianco (mark@markdelbianco.com) and the undersigned as counsel for TelTech, and please refrain from any future communications with Mr. Cohen or Mr. Finkelman. Should you file an action on behalf of your client against Mr. Cohen or Mr. Finkelman, we will move for sanctions and costs under Fed.R.C.P. Rule 11 or M.R.C.P. Rule 11.

For the reasons set forth above, it is the position of TelTech, based upon the applicable law, that it is not liable to your client for the alleged events. It is further the position of TelTech that it did not commit any violations of M.G.L. Chapter 93A. For this reason, please be advised that TelTech is not in a position to extend an offer of settlement at this time.

Please be advised that TelTech is not waiving any rights or defenses that it may possess, whether or not those rights or defenses are set forth in this correspondence. Please do not hesitate to contact Atty. DelBianco and the undersigned if you wish to discuss this matter.

Very truly yours,

Christopher J. O'Rourke

cc: Mark C. DelBianco